Johnny R. **CRAWFORD**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 982 S 357.

Supreme Court of Indiana.

June 8, 1984.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Judge.

Appellant Crawford was charged in Allen Circuit Court with armed robbery, pled guilty with no agreement as to sentencing, and received a sentence of fifteen years. Thereafter appellant filed a post-conviction petition pursuant to Ind. P.C. Rule 1, challenging the legality of the plea and sentencing processes. This is an appeal from the denial of the petition.

## I.

The first claim on appeal is that the post-conviction court failed to comply with the requirements of Rule P.C. 1, § 6, that special findings of fact and conclusions of law be made on all issues presented. Such findings must communicate the basis upon which the petition is granted or denied. *Love v. State*, (1971) 257 Ind. 57, 272 N.E.2d 456. The issues referred to in this claim were (1) failure to exercise sentencing discretion, and (2) failure to state adequate grounds for imposing five years beyond the presumptive sentence of ten years. The findings of the post-conviction court refer to the record of the plea and sentencing events which reflect an aware-

ness of the judge of his duty to select a term within a statutory range, and his actual justification for the additional five years beyond the presumptive five year sentence. These findings provided an adequate basis for resolving the first issue in the petition against appellant. The finding on justification for the additional five years was that as follows:

"The record also indicated that the defendant at the time of the commission of this offense was on probation and therefore he violated his probation by committing an additional and greater offense, which merited the imposition of an additional five years beyond the presumptive ten year sentence."

This finding reflects the evaluative processes indulged in by the sentencing judge and identifies those major elements to which he gave aggravating weight. This finding also satisfied the requirements of the Rule.

## II.

■ The claim was made and denied that the sentencing court had failed to articulate sufficient aggravating circumstances to justify the additional five years beyond the basic term. As required by statute, the trial court must provide a written "statement of facts, in some detail, which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions." *Page v. State,* (1981) Ind., 424 N.E.2d 1021. "A record is deficient in that it merely repeats the conclusory language" of the statute. *Gambill v. State,* (1982) Ind., 436 N.E.2d 301. The finding reflects a specific record regarding two elements deemed by the sentencing court to warrant aggravation of the sentence, namely, the fact that appellant was on probation for another offense when he committed the armed robbery for which he was being sentenced, and that this armed robbery was a greater offense than the one for which he received probation. The record statement reflected in the post-conviction finding, standing alone, is sufficient in expression and merit to warrant a five year enhancement of the ten year basic sentence for armed robbery.

## III.

■ Appellant's final claim is that the post-conviction court erred in its finding that the sentencing court complied with the requirement of Ind.Code § 35–4.1–1–3(d) when receiving the plea of guilty. That provision requires the court to personally address the accused and inform him of:

"the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences."

The specific claim made is that the sentencing court did not inform him that any of his prior criminal convictions could be used against him at the sentencing hearing as a basis for enhancing the basic or presumptive sentence. Appellant's interpretation of the statute is correct. It requires the court receiving a plea of guilty to address the accused and inform him that prior criminal convictions will be used against him as an aggravating circumstance for the purpose of increasing the presumptive sentence. *Johnson v. State,* (1983) Ind., 453 N.E.2d 975. There is no precise form of statement required, so long as the judge delivers the message. In *Greer v. State,* (1981) Ind., 428 N.E.2d 787, the judge receiving the plea informed the defendant of the range of possible sentences and that in making the decision, a pre-sentence investigation report would be considered. At the post-conviction hearing, the defendant testified that he was aware at the plea proceeding that a pre-sentence report would include his prior criminal record. The advisement was therefore deemed satisfactory. Similarly in the case at hand, the judge receiving the plea advised the appellant of the presumptive ten year sentence and the possibility of enhancement thereof by as much as ten years upon consideration of aggravating circumstances, and to a maximum of fifty years upon consideration of prior felony convictions. While perhaps unnecessary, the latter advisement did bear with it the concept

**1104**

of the use of prior convictions for the purpose of aggravation. The court then inquired whether he had been on probation at the time of the offense to which he was pleading guilty. Appellant admitted that he had been. The court then told him that as a result of that probationary status in connection with this plea of guilty, he could serve a greater total time. These references to his probationary status carried with them the notion of prior conviction, and the negative impact that the commission of a new offense while the penal obligation stemming from such prior conviction has not been completed, can have. Based upon these advisements and their necessary implications, the Court feels obliged to conclude that the required message was received by appellant.

The judgment is therefore affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.