Kenneth W. BEAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1282S485.

Supreme Court of Indiana.

Aug. 28, 1984.

Ali A. Talib, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellees.

DeBRULER, Justice.

Petitioner-appellant, Kenneth W. Bean, was originally charged in Hancock Circuit Court on May 31, 1974 in a four count information with felony murder, armed robbery, kidnapping and first-degree murder. A change of venue was granted and a trial by jury in the Rush Circuit Court resulted in guilty verdicts on all four counts. The trial judge entered judgment on each count but withheld sentence on the felony murder conviction while imposing sentences of ten years for armed robbery, life imprisonment for kidnapping, and life imprisonment for first-degree murder. On direct appeal to this Court, we ordered the trial court to vacate its entry of judgment on the felony murder count but affirmed the judgment in all other respects. *Bean v. State*, (1978) 267 Ind. 528, 371 N.E.2d 713.

On April 2, 1982, Bean filed a petition for post-conviction relief alleging he had been denied a fair and impartial trial by jury guaranteed him by the Sixth and Four-

teenth Amendments to the United States Constitution and by Art. I, § 13 of the Indiana Constitution because of the systematic exclusion of minorities from jury service in Rush County. His petition was denied following a hearing. He now appeals that denial claiming that the post-conviction court erred by finding that the evidence presented did not establish the systematic exclusion of minorities and by failing to make specific findings of fact and conclusions of law following the hearing.

At the hearing on his petition, Bean presented the testimony of two long-time residents of Rush County. Leland Bundrant testified that he was a sixty-five year resident of Rush County and that he estimated that three to four hundred black persons were among the seven thousand residents of the county. He further surmised that two hundred and fifty of those were of voting age. Bundrant was unaware of any black persons who had served on Rush County juries for at least the past thirty years. He conceded that he had not been to any jury trials in the county but had heard this information from other residents. Herman English, a fifty-five year resident of Rush County, testified for Bean that he estimated the black population of the county was three hundred, with two hundred and fifty black persons of voting age. He testified that while there were black persons on the jury panel in Bean's case and that of a black defendant tried thirty years previously, no black persons were seated on the juries for those trials. He further stated that he was unaware of any black persons who had served on Rush County juries as long as he had been a resident.

Petitioner Bean testified that there were no black persons serving on the jury at his trial. He testified that one black person had been on the jury panel in his case, but he did not serve on the jury as the State chose to strike him. On cross-examination, Bean acknowledged that there might have been other black persons on the jury panel of whom he was unaware. He also testified that he had no personal knowledge

about the jury selection process in Rush County.

The post-conviction judge's order denying Bean's petition stated in pertinent part:

"Evidence is presented by Petitioner intending to show that there was a systematic, intentional, deliberate and invariable practice in Rush County, Indiana excluding minorities from jury service, thus resulting in Petitioner not receiving a fair and impartial trial as constitutionally guaranteed. Without relying on the State's contention that Petitioner has waived this argument, the evidence presented does not establish the systematic exclusion of minorities from the jury selection process. Accordingly, Petitioner's Petition For Post Conviction Relief is overruled and denied."

Bean claims that the post-conviction judge erred in finding that the evidence he presented did not establish the systematic exclusion of minorities from the jury selection process. The State claims that Bean has waived this issue by failing to present it in his direct appeal. However, the post-conviction judge went to the merits of Bean's claim without relying on the State's contention that Bean waived his argument. As the State did not contest this procedure on appeal, we will likewise consider the merits of Bean's claim.

In a post-conviction hearing the burden is on the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind. R.P.C. 1, § 5. On appeal from an adverse judgment, the petitioner must satisfy this Court that "the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State*, (1980) 273 Ind. 694, 696, 408 N.E.2d 1215, 1215–1216. Bean attempted to support his claim that minorities were systematically excluded from Rush County juries through his testimony that there was only one black person on the jury panel summoned in his case and the testimony of two

long-time residents that they knew of no black persons who had served on Rush County juries. He called no other witnesses and presented no other evidence in support of his contention. There was no testimony from anyone familiar with the selection process employed in the county or the current census figures. We are unable to conclude that the post-conviction court erred in finding that this paucity of convincing, probative evidence failed to establish Bean's assertion.

Bean also argues that the post-conviction judge committed error by failing to provide specific findings of fact and conclusions of law in his order denying the petition for post-conviction relief. He claims that the judge did not comply with Ind. R.P.C. 1, § 6 which provides in part:

> "The court shall make specific findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

We have said that these findings must communicate the basis upon which the petition is granted or denied, *Crawford v. State,* (1984) Ind., 463 N.E.2d 1101, but that findings that merely state that the petitioner failed to prove his grounds are of little help to the reviewing court. *Davis v. State,* (1975) 263 Ind. 327, 330 N.E.2d 738.

The order here of the presiding special judge was deficient as it was general and conclusory in nature, but we do not find that a reversal and remand for more specific findings and conclusions is warranted. *See, Lowe v. State,* (1983) Ind., 455 N.E.2d 1126. Bean's attempted showing of the systematic exclusion of minorities from Rush County juries was cursory and its inadequacy was immediately obvious. The issue was sufficiently presented for our review and we find no reversible error.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.