**Jeffrey A. COLE, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 584S200.

Supreme Court of Indiana.

Nov. 26, 1985.

Edward L. Kennedy, Sandy Deets & Kennedy, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHEPARD, Justice.

Jeffrey A. Cole is before this Court appealing from the denial of his petition for post-conviction relief. He was initially charged with burglary of a dwelling (Count I), armed robbery (Count II), and robbery while armed (Count III). Cole received a term of imprisonment of fourteen years.

Appellant's sole issue in this appeal is whether his guilty plea was made knowingly, intelligently, and voluntarily. Specifically, appellant claims that the trial court did not advise him of:

(1) his right to a public and speedy jury trial;

(2) the minimum sentence which could be imposed; and

(3) the possibility of an increased sentence based upon prior convictions.

Cole claims that the trial court did not comply strictly with Ind.Code § 35-4.1-1-3, now recodified as § 35-35-1-2. In assessing guilty pleas which were made before this Court's decision in *German v. State* (1981), Ind., 428 N.E.2d 234, compliance with the statute is reviewed by looking to the entire record of the proceedings to determine whether a defendant was adequately advised of his rights and knowingly waived them. *Williams v. State* (1984), Ind., 468 N.E.2d 1036; *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. However, the trial court does not have to use the exact language of the statute when

advising the defendant of his rights. *Richards v. State* (1985), Ind., 474 N.E.2d 74. The mandate of the statute is satisfied when the trial court conveys to the accused the idea underlying the statutory advisement. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

There were two guilty plea hearings held on Count II, armed robbery. On July 24, 1980, pursuant to a plea bargain agreement, appellant pleaded guilty to this charge. The parties subsequently realized that Count II did not include the allegation of the use of a dangerous and deadly weapon, which is required for armed robbery. At a hearing held the following day, the State filed a supplemental plea agreement and appellant withdrew his guilty plea to Count II. The trial court assured itself by a colloquy with Cole that he clearly understood the purpose of and necessity for the second proceeding. Cole pleaded guilty to the amended Count II after another advisement of rights by the trial court at this second hearing. This amended Count II charged appellant with the same armed robbery but inserted an allegation which had been omitted from the initial charge. Both hearings must be considered to determine whether appellant was adequately advised of his rights. *Lowe*, 455 N.E.2d at 1128.

### A. PUBLIC AND SPEEDY JURY TRIAL

In October, 1979, Cole was charged with three criminal counts. He filed a handwritten *pro se* motion for a speedy trial for Count III (robbery while armed) in November, 1979. However, at this trial the jury was unable to reach a verdict and it was discharged. At the July 24th hearing the trial court noted that appellant's trial had been held a couple of months ago and advised Cole that by pleading guilty he would forego his right to a trial and "all rights that are involved in a trial." Appellant told the court that he was familiar with the procedure of a trial. The judge explained to Cole some of the trial rights which would be relinquished by his guilty plea: the right to confront and cross-examine all witnesses who testify against him, the right not to testify at his trial, the right to instruct the jury that they were not to consider the accused's decision not to testify as evidence against him, and the right to subpoena witnesses to testify on his behalf. The right to a public and speedy jury trial was adequately communicated to appellant by this discussion. *Blankenship v. State* (1984), Ind., 465 N.E.2d 714.

### B. MINIMUM SENTENCE AND PRIOR CONVICTIONS

Appellant claims that the trial court failed to advise him of the minimum sentence which could be imposed or that prior convictions could be used to enhance his sentence.

The trial court asked Cole whether he understood what the maximum sentence could be for the charged offense. Appellant told the court that the sentence range was six to twenty years. Appellant was also informed that the presumptive sentence was ten years. Appellant was properly informed of the range of sentences for the offense and thus was informed of the minimal penal consequences which would flow from his guilty plea. *Brown v. State* (1983), Ind., 443 N.E.2d 316.

Appellant argues that the trial court failed to advise him that his prior convictions could result in an increased sentence. We disagree.

At appellant's first guilty plea hearing the following colloquy occurred:

Q. All right. Now, it—it may be that due to your past criminal record, if you have one, that any sentence you would receive could not be suspended. Also, it may have to be served after completion of serving another sentence, if you're under any other sentence. I don't know. You understand that?

A. Yes. I do.

Q. And that in this case, the Court could impose a maximum possible sentence. You understand that?

A. Yes, sir.

Q. All right. At this time, are you on parole or on probation?

A. Yes, sir. I'm on parole.

Q. All right. And what are you on parole for?

A. Two prior armed robberies back in 1977.

Q. And that—you understand that your plea of guilty, your conviction affect that parole?

A. Yes, I do.

Q. And result in your serving additional in prison?

A. Yes, sir.

And also at the July 25th hearing:

Q. I believe you said yesterday you are—were on parole—

A. Yes.

Q. —at the time this charge was—this crime was committed.

A. Yes. I am.

Q. Do you understand that by pleading guilty today, this bears on the fact of your parole?

A. Yes. I do.

Q. And would cause you to serve additional time in prison?

A. Yes.

Q. You understand that?

A. Yes. I do.

■ The record must provide a sufficient basis to support the conclusion that Cole was advised of the possibility of an enhanced sentence which would be based upon his prior convictions. The trial court advised Cole that:

(1) a prior criminal record may preclude suspension of the sentence he receives and could result in the imposition of a maximum sentence and

(2) he may also have to serve additional time in prison since he was on parole for two prior armed robberies at the time this crime was committed.

The trial court referred to appellant's prior criminal record and his status as a parolee at the time he committed the present offense, and indicated how these factors could affect the length of his sentence. *Crawford v. State* (1984), Ind., 463 N.E.2d 1101. The trial court adequately conveyed to Cole that his prior convictions could lead to a higher sentence.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.