**STATE of Indiana, Appellant–Respondent,**

v.

**Bernard FOSTER, Appellee–Petitioner.**

No. 71A03–0001–PC–26

Court of Appeals of Indiana.

Aug. 21, 2000.

---

Karen M. Freeman–Wilson, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

André B. Gammage, South Bend, Indiana, Attorney for Appellee.

# OPINION

BAILEY, Judge

## Case Summary

The State of Indiana ("State") appeals the post-conviction court's ("PCR Court") grant of relief for petitioner Bernard Foster ("Petitioner"). We affirm.

## Issue

The State raises one issue on appeal, which we restate as follows: whether the PCR Court properly granted relief due to an error in the trial court's instructions on attempted murder.

## Facts and Procedural History

On June 8, 1994, Officer Maurice McGee ("Officer McGee") was in his personal vehicle in the rear parking lot of a Long John Silver's restaurant ("Restaurant") located in South Bend, Indiana. While at this location, Officer McGee observed Petitioner and another man later identified as Anthony Abernathy ("Abernathy") standing in the driveway to the Restaurant. Shortly thereafter, Petitioner and Abernathy walked towards Bullseye Liquor Store ("Liquor Store"), located across the street from the Restaurant, where Officer McGee worked as a part-time security officer. At about this time, Officer McGee left the parking lot in his personal vehicle.

As Officer McGee was driving home he received a call from Officer Charles Stokes ("Officer Stokes") who asked Officer McGee to meet him in the parking lot of the Liquor Store. As Officer McGee approached the vicinity of the Restaurant and Liquor Store, he observed Petitioner walk a short distance away from Abernathy. At approximately the same time, Officer Stokes and Officer Sam Diggins ("Officer Diggins") arrived on the scene. Officers McGee and Stokes saw Petitioner pull a gun from his waistband. Officer McGee stopped his car, grabbed his gun, and knelt behind his vehicle. Petitioner then fired two shots in Officer McGee's di-

rection Officers McGee and Stokes drew their weapons, identified themselves as police officers, and ordered Petitioner to stop. Petitioner fired twice more and then placed the gun in his jacket and ran across the street. Officer Stokes and Diggins then apprehended Petitioner and removed the gun from his jacket.

On June 9, 1994, Petitioner was charged with Attempted Murder. At trial, the State's instruction number one,[1] as modified by the trial court, read as follows:

Attempt is defined by statute as follows:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward the commission of the crime. An attempt to commit murder is a Class A Felony.

To convict the defendant of Attempted Murder, a Class A Felony, the State must prove each of the following elements beyond a reasonable doubt:

1. The defendant, Bernard M. Foster

2. with the specific intent to commit murder, that is knowingly killing Maurice McGee

3. engaged in conduct which was a substantial step toward murder by knowingly shooting in the direction of Maurice McGee as charged in the Information.

(R. 216, 740.) The State's instruction number two read as follows:

A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(R. 217.) The State's instruction number three read as follows:

You are instructed that where a state of mind is required to make an act an

---

1. Given that the record does not clearly reveal the sequence in which the final instructions were given, we will refer to each final instruc-

tion by the party who submitted it and the number that party originally gave to that instruction.

offense, the State is not required to make proof of that mental state by direct evidence, for purpose and intent are subjective facts. That is, they exist within the mind of man, and since you cannot delve into a person's mind and determine his purpose and intent, you may look to all the surrounding circumstances, including what was said and done in relation thereto. The State is only required to produce such evidence as will satisfy the jury beyond a reasonable doubt that the crime charged was committed by the defendant with a knowing state of mind. You may infer from all the facts and circumstances in the case that an individual intends the natural and probable consequences of his voluntary acts, unless the circumstances are such to indicate the absence of such intent. A determination of the defendant's state of mind may be arrived at by the jury from a consideration of the defendant's conduct and the natural and usual sequence to which conduct logically and reasonably points.

When an unlawful act, however, is proved to be knowingly done, no further proof is needed on the part of the State in the absence of justifying or excusing facts, since you may infer criminal intent from the proven acts of the defendant done knowingly.

(R. 225.) The State's Information, as read to the jury, further provided the following:

On or about the 8th of June, 1994, in St. Joseph County, State of Indiana, BERNARD M. FOSTER did attempt to commit the crime of Murder by knowingly shooting in the direction of MAURICE MCGEE with a handgun, with the intent to commit the crime of Murder, that is knowingly killing another human being.

(R. 204.) Petitioner was convicted of attempted murder and was adjudicated a habitual offender on September 21, 1994. Petitioner raised one issue on direct appeal: whether the State improperly used peremptory strikes based upon race. This Court affirmed Petitioner's conviction in an unpublished decision.

On November 8, 1996, Petitioner filed his petition for post-conviction relief. In that petition, Petitioner alleged the following errors: (1) an improper jury instruction on Attempted Murder, (2) a failure to instruct on the lesser included charge of Criminal Recklessness, (3) a failure to instruct on the credibility of the police officers, (4) illegal participation by an alternate juror, (5) that the State intended to procure perjured testimony at trial, (6) insufficiency of the evidence, (7) an illegal sentence based on habitual offender status, and (8) ineffective assistance of counsel at both the trial and appellate court levels. On October 4, 1999, the PCR Court granted Petitioner relief solely on the issue of the attempted murder instruction. This appeal followed.

### Discussion and Decision

The State contends that the PCR Court improperly granted Petitioner relief. Specifically, the State argues that the trial court's instructions on attempted murder sufficiently informed the jury of the requirement that the Petitioner have the *specific intent to kill.* We disagree.

*Standard of Review—Post–Conviction Relief Granted*

An action for post-conviction relief is a special quasi-civil remedy where a party can raise an error that, for various reasons, was not available at the time of the original trial or appeal. Ind. Post–Conviction Rule 1(1); *Long v. State,* 679 N.E.2d 981, 983 (Ind.Ct.App.1997). When seeking post-conviction relief, a petitioner bears the burden of establishing those grounds for relief by a preponderance of the evidence. *Clark v. State,* 648 N.E.2d 1187, 1189 (Ind.Ct.App.1995). The PCR Court acts as the sole judge of the evidence and the credibility of the witnesses. *Id.* Our standard of review for a judgment granting post-conviction relief is governed by Ind. Trial Rule 52(A). *State v. Lopez,* 676 N.E.2d 1063, 1065 (Ind.Ct.App.1997). "We reverse only upon a showing of 'clear

error'—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* (quoting *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind.1995)).

### Attempted Murder Instructions and Fundamental Error

"An instruction which purports to set forth the elements which must be proven in order to convict of the crime of Attempted Murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with *intent to kill* the victim, engaged in conduct which was a substantial step toward such killing." *Goudy v. State*, 689 N.E.2d 686, 697 (Ind.1997) (quoting *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind.1991)). Moreover, our supreme court has "found fundamental error and reversed attempted murder convictions in a host of cases where the jury has been instructed that it could convict of Attempted Murder based on a 'knowing' mens rea." *Ramsey v. State*, 723 N.E.2d 869, 872 (Ind.2000). However, in *Ramsey*, our supreme court held as follows:

> Because the correct mens rea was enumerated both as an element in the charging instrument and as an element that the State was required to prove beyond a reasonable doubt, we believe that the jury instructions, taken as a whole, sufficiently informed the jury of the State's burden of proving that the Defendant specifically intended to kill the victim. And while the presence of the "knowingly" language is highly problematic, this result does comport with three of our post-*Spradlin* decisions: *Yerden v. State*, 682 N.E.2d 1283 (Ind. 1997); *Greenlee v. State*, 655 N.E.2d 488 (Ind.1995); and *Price v. State*, 591 N.E.2d 1027 (Ind.1992).

*Id.* at 873. Additionally, the *Ramsey* court noted that a *Spradlin* error may not be deemed fundamental when the intent of the perpetrator was not a central issue at trial. *Id.* at n. 4 (citing *Swallows v. State*, 674 N.E.2d 1317 (Ind.1996)).

### Analysis

In *Ramsey*, the controverted Attempted Murder instruction read as follows:

> A person attempts to commit murder when, acting with the culpability required for commission of Murder, he engages in conduct that constitutes a substantial step toward commission of Murder; which is to knowingly or intentionally kill another human being. The crime of attempted murder is a Class A felony.
>
> To convict the defendant of Attempted Murder under Count I, the State must prove each of the following elements:
>
> 1. The defendant
> 2. knowingly
> 3. *with specific intent to kill*
> 4. engaged in conduct
> 5. which was a substantial step toward the commission of the crime of Murder; which is to knowingly or intentionally kill another human being.

*Ramsey*, 723 N.E.2d at 871. (Emphasis added.) Our supreme court looked to both the language contained in the enumerated elements of the trial court's instruction on attempted murder and the content of the charging information to determine whether the trial court's improper inclusion of the word "knowingly" amounted to fundamental error. Citing the trial court's proper inclusion of the phrase "specific intent to kill" and the proper mens rea in the charging information, our supreme court "*narrowly* conclude[d] that no fundamental error [had] been established." *Ramsey*, 723 N.E.2d at 872. (Emphasis added.)

Similarly, in *Yerden v. State*, our supreme court held that a trial court's erroneous inclusion of "knowingly" within the enumerated elements for attempted murder did not amount to fundamental error. 682 N.E.2d at 1286. In *Yerden*, our supreme court relied on the last two sentences of the trial court's Attempted Murder instruction to find that the single

instruction adequately informed the jury of the proper "intent to kill" mens rea. Those pertinent sentences read as follows:

> The Defendant must have had the specific intent to commit Murder in order to be found guilty of Attempt [sic] Murder. *Intent to kill* may be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death.

*Id.* at 1286. (Emphasis added.) Here, the same assessment that was applied in *Ramsey* and *Yerden* dictates a different conclusion.

■ In the instant case, the State's instruction number one, on Attempted Murder, included in part the following enumerated elements:

> To convict the defendant of Attempted Murder, a Class A Felony, the State must prove each of the following elements beyond a reasonable doubt:
>
> 1. The defendant, Bernard M. Foster
> 2. with the *specific intent to commit murder*, that is *knowingly killing* Maurice McGee
>
> . . . .

(R. 216, 740.) (Emphasis added.) The State's instruction number two read as follows:

> A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(R. 217.) The State's instruction number three read in part as follows:

> . . . . The State is only required to produce such evidence as will satisfy the jury beyond a reasonable doubt that the crime charged was committed by the defendant with a *knowing state of mind.*
>
> . . .

**2.** In full, the State's instruction number seven read as follows:
> The intent to kill may be inferred by examining all the surrounding facts and cir-

When an unlawful act, however, is proved to be *knowingly* done, no further proof is needed on the part of the State in the absence of justifying or excusing facts, since you may infer criminal intent from the proven acts of the defendant done *knowingly.*

(R. 225.) (Emphasis added.) Additionally, the State's Information, as read to the jury, provided the following:

> On or about the 8th of June, 1994, in St. Joseph County, State of Indiana, BERNARD M. FOSTER did attempt to commit the crime of Murder by knowingly shooting in the direction of MAURICE MCGEE with a handgun, with the intent to commit the crime of Murder, that is *knowingly killing* another human being.

(R. 204.) (Emphasis added.)

■ The trial court erred by including the word "knowingly" in the second enumerated element of its instruction on Attempted Murder, as attempted murder requires the mens rea of a specific "intent to kill." The requisite mens rea for attempted murder was further confused by the trial court's reading of the State's second and third tendered instructions, and the State's charging information, all of which steered the jury towards applying the improper mens rea of "knowingly" in its assessment of whether Foster attempted to murder Officer McGee. This significant infusion of a "knowing" mens rea within the trial court's final instructions distinguishes our case from *Ramsey* and *Yerden.* Moreover, while we note that the State's instruction number seven, which was given by the trial court,[2] instructed the jury that "intent to kill" may be inferred from facts and circumstances, we agree with the PCR Court's assessment of such instruction amongst the instructions as a whole. The PCR Court held as follows:

> cumstances in the case including the use of a deadly weapon in a manner likely to cause death.
> (R. 229, 740.)

That is, State's Instruction No. 2 ... and No. 3, combine to form a system in which it is unnecessary to define "intent to kill" ... or to show how "intent to kill" may be proven ..., since the jury is not instructed that it must find that the Defendant acted with the intent to kill. Indeed, State's No. 2 explicitly instructs that all that is necessary is that the Defendant acted with a knowing state of mind.

(R. 84–85.) Accordingly, we find that the instructions as a whole *did not* "sufficiently inform[ ] the jury of the State's burden of proving that the Defendant specifically intended to kill the victim." *See Ramsey,* 723 N.E.2d at 872. Consequently, the PCR Court's finding that Petitioner proved he was entitled to post-conviction relief by a preponderance of the evidence was not clearly erroneous.[3]

Affirmed.

SULLIVAN, J., and VAIDIK, J., concur.

---

**3.** Furthermore, we summarily reject the State's argument that because Petitioner argued self-defense at trial his "intent" was not an issue, and therefore no fundamental error could spring from any errors in the trial court's Attempted Murder instruction. (Appellant's Brief at 8.) It is clear that a determination of whether Petitioner intended to kill Officer McGee was a central issue at trial. (Cf. *Swallows,* 674 N.E.2d at 1318 (holding that in a post-conviction case, where only identity is challenged and intent is not in dispute, failure to instruct on specific intent does not constitute fundamental error)). Accordingly, we reject the State's contention that Petitioner was not prejudiced by the error committed by the trial court.