**STATE of Indiana, Appellant–Defendant,**

v.

**Ed Robert ANDERSON, Appellee–Plaintiff.**

**No. 06A01–0011–PC–402.**

Court of Appeals of Indiana.

June 12, 2001.

Publication Ordered July 12, 2001.

Susan K. Carpenter, Public Defender of Indiana, Mario Joven, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

The State of Indiana appeals the post-conviction court's judgment granting post-conviction relief to Anderson after the court held that it was fundamental error to not instruct the jury that Anderson must have entertained the specific intent to kill when taking a substantial step toward committing murder. The State contends that the instructions given were consistent with the law at the time of Anderson's trial and that case law dictating that jurors be instructed about the specific intent element occurred after Anderson's conviction. Because we find that the case law requiring an instruction on specific intent applies retroactively to Anderson's case and that the failure to instruct the jury on this issue constitutes fundamental error, we affirm.

### Facts and Procedural History

In 1980, Anderson was convicted of attempted murder, criminal confinement, and three counts of robbery. Anderson

was sentenced to four fifteen-year terms for the confinement charge and the three robbery charges and forty years for the attempted murder, all to be served consecutively. The Indiana Supreme Court affirmed Anderson's convictions on direct appeal. *See Anderson v. State,* 448 N.E.2d 1180 (Ind.1983).

In December of 1996, Anderson filed a *pro se* petition for post-conviction relief, which was later amended by counsel. In his petition, Anderson asserted that the trial court's jury instructions on attempted murder and confinement constituted fundamental error and that he received ineffective assistance of counsel.

After a hearing, the post-conviction court granted relief based upon the attempted murder instructions. The court highlighted the following instructions given at Anderson's trial:

A person engages in conduct intentionally if, when he engages in the conduct, it is his conscious objective to do so. A person engages in conduct knowingly if, when he engages in the conduct, he is aware of a high probability that he is doing so. Intent is a mental state of the actor.

* * *

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step towards commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit Murder is a Class A Felony.

* * *

The crime of Murder is defined by statute as follows: A person who knowingly or intentionally kills another human be-

ing or kills another human being while committing or attempting to commit Robbery, commits Murder. To convince—to convict [sic] the Defendant of Murder, the State must have proved each of the following elements: (1) knowingly or intentionally, (2) killing, (3) of another human being; or (1) the killing, (2) of another human being, (3) while committing or attempting to commit Robbery. If the State failed to prove each of these elements beyond a reasonable doubt, the Defendant should not be found-should be found not [sic] guilty. If the State did prove each of the elements beyond a reasonable doubt, then you should find the Defendant guilty of Murder.

Record at 115–18.

The court concluded that the jury instructions were insufficient and amounted to fundamental error because the jury should have been instructed that Anderson had to entertain the simultaneous intent to kill while the proscribed conduct occurred. The court reasoned that while a defendant may be convicted of murder without the specific intent to kill, a defendant may not be convicted of attempted murder without entertaining such intent. The State now appeals.

## Discussion and Decision

■■■ The State contends that the trial court gave proper instructions under the law as it stood at the time of Anderson's trial and that accordingly, the post-conviction court erred in granting relief. Upon review of a grant of post-conviction relief, we will reverse only upon a showing of clear error, which leaves us with a definite and firm conviction that a mistake has been made. *State v. Foster,* 733 N.E.2d 534, 537–38 (Ind.Ct.App.2000). The post-conviction court acts as the sole judge of

the evidence and the credibility of witnesses. *Id.* at 537.

We recognize initially that Anderson failed to raise the issue of whether the jury instruction on attempted murder had to include language that the substantial step was accompanied by the state of mind required for murder on his direct appeal, and thus he waived the issue for review. However, Indiana courts have held that an error with respect to this issue is fundamental in nature and therefore, not subject to waiver.[1] *Simmons v. State,* 642 N.E.2d 511, 512 (Ind.1994). Hence, we will address Anderson's claim on the merits.

▮▮ It is well established that the law as it stands now requires an instruction setting forth the elements of attempted murder to include that the defendant, acting with the specific intent to kill, engaged in conduct which was a substantial step toward the commission of murder. *Spradlin v. State,* 569 N.E.2d 948, 950 (Ind. 1991); *see also Foster,* 733 N.E.2d at 539; *Simmons,* 642 N.E.2d at 513. Before a defendant may be convicted of attempted murder, there must first be a finding that when he engaged in the conduct proscribed, he intended to kill the victim. *Spradlin,* 569 N.E.2d at 950.

However, the *Spradlin* line of cases had not been decided at the time Anderson was convicted or when his direct appeal was resolved. Hence, we must give a historical framework of how these errors now labeled "*Spradlin* errors" developed. Just after Indiana's first general attempt statute was enacted, the supreme court discussed its relevance to attempted murder. *Zickefoose v. State,* 270 Ind. 618, 388 N.E.2d 507 (1979). In *Zickefoose,* the court stated that the two necessary elements of attempt are: (1) the defendant acted with the specific intent to commit the crime and (2) he engaged in an overt act constituting a substantial step toward the commission of the crime. *Id.* at 510. Further, the court noted that "[i]t is clear that the same specific intent to kill must be shown for an attempted murder as for the crime of murder." *Id.* at 509.

▮ In *Smith v. State,* 459 N.E.2d 355, 357–58 (Ind.1984), our supreme court explicitly held that failure to instruct the jury on specific intent when a defendant is charged with attempted murder constitutes fundamental error. The court reasoned that none of the instructions communicated that the defendant must have intended to kill the victim when he engaged in the proscribed conduct. *Id.* at 358. Further, the court in *Abdul–Wadood v. State* 521 N.E.2d 1299, 1300–01 (Ind. 1988), *reh'g denied,* held that instructions on attempted murder constituted fundamental error because the jury could have convicted if it believed that the defendant intended to engage in conduct that carried the risk of death without actually finding that the defendant intended to kill. Therefore, a fundamental error occurs when the instructions completely fail to refer to the element of intent to kill and leave the impression with the jury that it may convict on attempted murder if the defendant intended to engage in the conduct carrying the risk of death without actually intending to kill while engaging in that conduct. *Brown v. State,* 587 N.E.2d 693, 696 (Ind.Ct.App.1992).

The issue in the instant case then becomes whether Anderson can enjoy retroactive application of *Smith* and its progeny. In *Brown,* we addressed whether *Smith* can be applied retroactively to re-

---

1. *But see Ramsey v. State,* 723 N.E.2d 869 (Ind.2000) (holding that this type of error was not fundamental if the jury instructions as a whole informed the jury that the defendant had to possess the specific intent to kill and intent was not an issue in the case).

quire that a jury be informed that a defendant possessed the specific intent to kill while engaging in a substantial step toward killing. The defendant in *Brown* was convicted in 1981, and our supreme court affirmed his conviction in 1983. In a petition for post-conviction relief, the defendant asserted that the jury was inadequately instructed on the element of intent to kill as part of the attempted murder charge. Because *Smith* was not decided until 1984, the defendant requested that the court retroactively apply *Smith* and *Abdul–Wadood* to the defendant's case.

■ The court recognized that the Indiana Supreme Court adopted the federal guidelines on retroactivity in *Rowley v. State*, 483 N.E.2d 1078 (Ind.1985) and that the controlling factor leading to retroactive application was that the evidence challenged was a substantial part of the State's case and likely impacted the verdict. *Brown*, 587 N.E.2d at 698. However, that retroactivity test was later modified in *Daniels v. State*, 561 N.E.2d 487 (Ind.1990) to permit retroactive application when the new rule involves procedures without which the likelihood of an accurate conviction is seriously diminished. *Id.* The court in *Brown* found that the retroactivity test was met because the failure to instruct on the specific intent element of attempted murder likely affected the accuracy of the verdict. *Id.* Accordingly, we find that *Brown* allows us to apply the specific intent requirement retroactively to Anderson's case if the retroactivity test has been met. Similar to *Brown*, the jury in this case was not adequately instructed that Anderson had to intend to kill while engaging in proscribed conduct to be convicted of attempted murder. A failure to instruct the jury on the key element of intent in an attempted murder case seriously undermines the accuracy of the ver-

dict. Consequently, we apply the relevant case law retroactively to Anderson's case.

■ In applying *Smith* and its progeny to the instant case, we find that the instructions erroneously gave the jury the impression that it could convict Anderson if he had the intent to engage in conduct leading to the risk of death alone and not the specific intent to kill. None of the instructions given at Anderson's trial informed the jury that before convicting him of attempted murder, it first had to find that when Anderson engaged in the conduct proscribed, he intended to kill. This failure to instruct the jury on one of the elements of the crime charged constitutes fundamental error.

We reject the State's argument that Anderson cannot enjoy retroactive application of case law because the jury verdict in his case was not undermined by the instructions in question. In *Brown*, the court noted that confidence in the verdict was undermined not only due to the erroneous instruction but also because of the jury's confusion on the applicable principles of law. *Id.* This confusion was evidenced by the jury's question during deliberation asking if pointing and firing a gun at any part of the body constituted attempted murder. However, the court in *Brown* did not limit its holding to cases where evidence other than the erroneous instruction confirmed the jury's confusion.

Yet, the State insists that even if the instructions were erroneous, they were not fundamentally flawed because the supreme court already decided in Anderson's case that the jury could have inferred the necessary intent from the charging information, and thus the jury did not convict Anderson under a lesser standard. *Anderson*, 448 N.E.2d at 1187. However, the court was dealing with the issue of whether Anderson was convicted of the nonexistent crime of attempted felony

murder rather than attempted murder when it made the statement that the jury could infer the proper intent. *Id.* The jury instructions on attempted murder were never raised as an issue on direct appeal, and we agree with the trial court that it was fundamental error to not instruct the jury that to be convicted of attempted murder, Anderson had to specifically intend to kill the victim while engaging in the proscribed conduct.

Judgment affirmed.

ROBB, J., and BROOK, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal opinion June 12, 2001, marked Memorandum Decision, Not for Publication;

Comes now the Appellee, by counsel, and files herein Verified Motion to Publish Memorandum Decision, alleging therein that said opinion should be published because it clarifies a rule of law and involves a legal and factual issue of unique interest and substantial public importance, which said Motion is more particularly in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion, having reviewed its opinion in this appeal, and being duly advised, now finds that said motion should be granted, and that this court's opinion heretofore handed down in this appeal on June 12, 2001, marked Memorandum Decision, Not for Publication, should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellee's Verified Motion to Publish Memorandum Decision is granted and this Court's opinion heretofore handed

down in this cause on June 12, 2001, marked Memorandum Decision, Not for Publication, is ordered published.