**STATE of Indiana, Appellant–Respondent,**

v.

**Michael A. COZART, Appellee–Petitioner.**

No. 22A01–0704–PC–183.

Court of Appeals of Indiana.

Dec. 26, 2007.

Transfer Granted March 24, 2008.

---

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Michael A. Gillenwater, Jeffersonville, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

When Michael Cozart agreed to plead guilty, he did not understand that the trial court was without discretion to suspend any of the minimum sentence he faced because of his prior felony convictions. After Cozart fully understood the trial court's sentencing authority, he moved to withdraw his guilty plea, but the trial court refused to permit the withdrawal. On post-conviction, the court found that Cozart had not knowingly and voluntarily pleaded guilty because the trial court had not adequately advised him regarding the potential length of the sentence it was about to impose.

Appellant-respondent State of Indiana appeals from the post-conviction court's order granting appellee-petitioner Michael A. Cozart's petition for post-conviction relief. The State argues that the trial court was not required to advise Cozart regarding the effect his prior felony convictions would have on its authority to suspend any portion of the minimum sentence he faced following a guilty plea to a class A felony. Finding that Cozart did not plead guilty knowingly and voluntarily, we affirm the judgment of the post-conviction court.

## FACTS

On November 7, 2003, the State charged Cozart with class A felony conspiracy to deal cocaine, class D felony possession of a controlled substance, class D felony dealing in a counterfeit substance, class D felony maintaining a common nuisance, class D felony possession of marijuana, and class A felony dealing in cocaine. On July 26, 2004, Cozart agreed to plead guilty to class A felony conspiracy to deal cocaine in exchange for the State's agreement to dismiss the remaining charges. The plea agreement left sentencing "open" to the trial court's discretion. Appellant's App. p. 20.

At the guilty plea hearing, the trial court advised Cozart that it could impose a sentence from twenty to fifty years for the class A felony. However, neither the trial court nor Cozart's attorney advised him that because of Cozart's prior unrelated felony convictions, Cozart faced a minimum executed sentence of twenty years. Although Cozart understood that the minimum sentence he faced was twenty years, he believed that the trial court had the authority to suspend part or all of that sentence. After Cozart and his attorney realized that their interpretation of "open sentencing" was different from the State's and that he faced a minimum *executed* sentence of twenty years, Cozart moved to withdraw from the guilty plea at the September 20, 2004, sentencing hearing. The trial court denied Cozart's motion and imposed a sentence of thirty years with ten years suspended.

On August 24, 2006, Cozart filed a petition for post-conviction relief, arguing that he is entitled to relief because he was not fully advised by his attorney or the trial

court about the minimum executed sentence that he faced.[1] Following a hearing, the post-conviction court granted Cozart's petition on February 9, 2007, finding, in pertinent part, as follows:

5. The record discloses that Defense Counsel and the Prosecuting Attorney disagreed as to the meaning of the term "open sentencing" after the Defendant's plea of guilty ..., but prior to the time the Defendant was sentenced.

6. The record discloses that prior to Defendant entering his plea of guilty, the Court did not advise the Defendant of the Court's inability to suspend that part of any sentence imposed by the Court which was less than the minimum sentence....

* * *

9. At the sentencing hearing Defense Counsel, Stephen Beardsley[,] advised the Court that he had advised the Defendant (prior to entering his plea of guilty) that upon the Defendant's plea of guilty that the Court would have discretion to suspend all or part of any sentence imposed by the Court, as it was an "open sentencing"....

10. At the sentencing hearing ... the Defendant and Defense counsel claimed they both misunderstood the Court's sentencing options and requested that the Defendant be allowed to withdraw his plea of guilty. The Court denied such motion.

11. That the Defendant was not advised by Counsel and *Defendant did not understand when he agreed to accept the plea agreement that the Court had no authority to suspend any part of the* sentence *which was less than the minimum sentence of twenty (20) years* for a class A felony because of defendant's prior felony convictions.

* * *

### CONCLUSIONS OF LAW

* * *

D. In order to properly accept a plea of guilty from a criminal defendant, the court must advise the defendant of the minimum possible sentence which could be imposed upon him as a result of a plea of guilty, including the fact that the court's discretion to suspend all or any portion of the sentence imposed is precluded if the conditions of I.C. 35–50–2–2(a) and (b) apply. A guilty plea entered before a defendant is advised of these facts is not knowingly, intelligently, and voluntarily entered [into] and must be vacated.

E. Since the record of the plea change hearing in this case does not affirmatively disclose that the Court adequately advised the Defendant of the minimum possible sentence that could be imposed upon him if his plea of guilty was accepted by the Court, then based on the findings of the Court, Defendant's plea of guilty was not knowingly, intelligently, and voluntarily entered into and such cannot be presumed from a silent record.

* * *

### ORDER

1. IT IS, THEREFORE, ORDERED and ADJUDGED that Defendant's Verified Petition for Post[-]Conviction Relief

---

1. Cozart also argues that he received the ineffective assistance of trial counsel based on his attorney's faulty understanding of the trial court's sentencing authority under the plea agreement. Inasmuch as we find that he is entitled to relief based on the trial court's advisement regarding the length of the sentence he faced, we need not consider whether his attorney was ineffective.

is granted and Defendant's plea of guilty ... and the Judgment of Conviction entered by the Court ... is hereby vacated, and the Defendant's conviction ... is set aside.

2. IT IS FURTHER ORDERED and ADJUDGED that Counts II through VI, inclusive, of the Information filed in this case ... are hereby reinstated.

Appellant's App. p. 32–36 (emphasis added) (internal citations omitted). The State now appeals.

### DISCUSSION AND DECISION

In reviewing a grant of post-conviction relief, we will reverse only upon a showing of clear error, which leaves us with a definite and firm conviction that a mistake has been made. *State v. Anderson,* 751 N.E.2d 714, 716 (Ind.Ct.App.2001). The post-conviction court acts as the sole judge of the evidence and the credibility of witnesses. *Id.*

The parties direct us to Indiana Code section 35–35–1–2(a)(3), which provides that before accepting a guilty plea, the trial court must ensure that the defendant

has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences.

The post-conviction court found that the requirement that the trial court advise the defendant of the minimum possible sentence includes "the fact that the court's discretion to suspend all or any portion of the sentence imposed is precluded if the conditions of I.C. 350–50–2–2(a) and (b) apply." Appellant's App. p. 34–35. The State disagrees and urges us to find that "the statute simply does not require such an advisement. Rather, the statute requires only an advisement of the minimum

sentence and the maximum sentence possibilities for the defendant." Appellant's Br. p. 6.

It is well established that it is incumbent upon a trial court to advise the defendant seeking to plead guilty that his prior convictions could lead to an enhanced sentence. *See, e.g., Cole v. State,* 485 N.E.2d 128, 131 (Ind.1985). In *Cole,* the trial court advised the defendant, who had prior convictions, as follows:

(1) a prior criminal record may preclude suspension of the sentence he receives and could result in the imposition of a maximum sentence and

(2) he may also have to serve additional time in prison since he was on parole for two prior armed robberies at the time this crime was committed.

*Id.* Our Supreme Court found that "[t]he trial court referred to appellant's prior criminal record and his status as a parolee at the time he committed the present offense, and indicated how these factors could affect the length of his sentence." Id. Thus, the trial court "adequately conveyed to Cole that his prior convictions could lead to a higher sentence." *Id.*

Although the issue we must decide in this case was not explicitly confronted by the *Cole* court, we infer from that decision that to adequately and fairly advise a defendant about the potential length of a sentence following a guilty plea, the trial court must include an advisement regarding the fact that prior convictions may preclude suspension of any or all of the sentence. Indeed, it is common sense that for a plea to be truly knowing and voluntary, the defendant must be aware not only of the actual number of months and/or years he faces, but also *how* he may have to serve that time.

The post-conviction court found, as a factual matter, that Cozart did not un-

derstand when he pleaded guilty that the trial court had no discretion to suspend any portion of the minimum sentence. It also found that after Cozart and his attorney realized that they had misunderstood the trial court's sentencing options, Cozart moved to withdraw from the guilty plea. Given that we must defer to the post-conviction court's findings of fact, we can only conclude that the trial court failed to adequately advise Cozart regarding the minimum sentence he faced following a guilty plea, that had Cozart known that the trial court had no discretion to suspend any portion of the minimum sentence he would not have pleaded guilty, and that, consequently, Cozart did not knowingly and voluntarily plead guilty.

The judgment of the post-conviction court is affirmed.

BRADFORD, J., concurs.

RILEY, J., concurring in result with opinion.

Judge, RILEY, concurring in result.

The majority's decision is based upon a conclusion that the trial court was obligated, pursuant to Indiana Code section 35–35–1–2(a)(3), to advise the petitioner that prior convictions may preclude the suspension of any or all of his sentence. However, based on my reading, I.C. § 35–35–1–2(a)(3) requires:

> The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:
>
> * * *
>
> (3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and

any possibility of the imposition of consecutive sentences.

The statute is clear and unambiguous and is therefore not subject to judicial interpretation. *Stratton v. State*, 791 N.E.2d 220, 223 (Ind.Ct.App.2003), *trans. denied.* Relevant to Cozart's claim, the trial court was required to determine that Cozart understood the minimum sentence for the crime charged. As our supreme court explained in *White v. State*, 497 N.E.2d 893, 899 (Ind.1986), I.C. § 35–35–1–2 removed the previous requirement that trial courts directly advise defendants and "instructed the trial judge to 'determine' whether the defendant[ ] understood." Further, the statute focuses on the "minimum sentence for the crime charged" and does not ask the trial court to calculate the least amount of time a defendant could possibly spend in jail, because of criminal history or other reason. I.C. § 35–35–1–2(a)(3). The trial court accomplished this by eliciting from Cozart a statement that he understood the minimum sentence for the crime charged to be twenty years. Therefore, I disagree with the majority's conclusion that the trial court failed to adequately advise Cozart; the trial court had no duty to advise, and actually determined what is required by statute, i.e., that Cozart understood the minimum sentence for the crime charged.

However, before the plea was accepted, Cozart and his counsel informed the trial court that Cozart had been erroneously advised by his counsel that the minimum sentence for the crime charged could be suspended. "Defendants who can prove that they were actually misled by the judge, prosecutor, *or defense counsel* about the choices before them will present colorable claims [that their plea was not made voluntarily or intelligently]." *White*, 497 N.E.2d at 905–06 (emphasis added). The erroneous advice from Cozart's counsel was a form of coercion, which requires us to set aside Cozart's guilty plea. *See id.*

Therefore, I agree with the majority that Cozart's guilty plea was not made voluntarily or intelligently and should be set aside.