ATTORNEYS FOR APPELLANT
Steve Carter
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Michael A. Gillenwater
Jeffersonville, Indiana



FILED
Dec 10 2008, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

### In the
# Indiana Supreme Court

No. 22S01-0803-PC-145

STATE OF INDIANA,

*Appellant (Respondent below),*

v.

MICHAEL A. COZART,

*Appellee (Petitioner below).*

Appeal from the Floyd Circuit Court, No. 22C01-0308-FA-261
The Honorable J. Terrance Cody, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 22A01-0704-PC-183

**December 10, 2008**

**Rucker, Justice.**

In this opinion we reaffirm that before accepting a guilty plea to a felony offense the trial court must advise the defendant only of those rights dictated by statute or required by the state or federal constitution. Because the trial court in this case discharged its duty accordingly, the post-conviction court erred in vacating the defendant's conviction and setting aside his plea of guilty.

**Facts and Procedural History**

In October 2003 the State charged Michael A. Cozart with multiple drug-related felony offenses. Under terms of a written plea agreement, Cozart agreed to plead guilty to conspiracy to deal in cocaine as a Class A felony, and the State agreed to dismiss the remaining charges. The agreement was described as a "blind plea" and called for "open sentencing." App. at 20. During the change of plea hearing, held on the morning trial was scheduled to begin, the trial court advised Cozart among other things that the sentence for a Class A felony was:

> [I]ncarceration in the Indiana Department of Correction for a period of thirty years, to which can be added twenty years for aggravating circumstances and to which can be subtracted up to ten years for mitigating circumstances. So the maximum is fifty years, the minimum is twenty years, to which can be added a fine of up to ten thousand dollars.

App. at 31-32. Cozart told the trial court that he understood the possible penalties. Id. at 32. After Cozart pleaded guilty the trial court ordered a presentence investigation report, took the matter under advisement, and scheduled a sentencing hearing.[1]

At the time Cozart committed the instant offense he had accumulated at least one prior unrelated felony conviction. Indiana Code § 35-50-2-2 (Supp. 2008) provides in pertinent part, "(a) The court may suspend any part of a sentence for a felony, except as provided in this section . . . (b) . . . [W]ith respect to the following crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence . . . (1) The crime committed was a Class A felony or a Class B felony and the person has a prior unrelated felony

---

[1] Neither the transcript of the change of plea hearing nor the transcript of the sentencing hearing is before us. Excerpts of the hearing are contained in the Appendix of Appellant as well as the Transcript of Hearings on Defendant's Motion to Correct Errors (hereinafter "Tr.").

conviction." The minimum sentence for a Class A felony is twenty years. See Ind. Code § 35-50-2-4 (Supp. 2008). Because of the Class A felony status of the crime for which Cozart pleaded guilty and because of his prior felony convictions, Cozart's sentence could not be suspended below a term of twenty years.

At the sentencing hearing, in arguing the appropriate sentence to be imposed, the State pushed for at least the mandatory minimum sentence of twenty years as required by statute. Cozart's trial counsel objected and complained, "That's not the deal we agreed to." Tr. at 62. Counsel pointed out that the plea agreement called for "open sentencing" which in his mind, and according to counsel in the mind of his client as well, meant that the "Court would have discretion to suspend all or part of any sentence imposed by the Court." App. at 33. Cozart then moved to withdraw his previously entered plea of guilty; the trial court denied the motion. Ultimately the trial court sentenced Cozart to a term of thirty years with ten years suspended, eight years of supervised probation and two years of unsupervised probation.

Shortly thereafter Cozart filed a motion to correct error. At the hearing on the motion Cozart essentially urged the trial court to reconsider its ruling on Cozart's motion to withdraw his guilty plea. Both Cozart and his trial counsel testified that Cozart was under the impression that pursuant to the plea agreement's terms, the trial court had discretion to suspend Cozart's sentence below the mandatory minimum of twenty years. The following excerpted testimony is instructive:

> Q.  [Counsel on Motion to Correct Error; hereafter "Motion Counsel"]: And what did they, what were the discussions concerning suspending any part of any sentence that could be imposed at that time?
>
> A.  [Trial Counsel]: . . . [Cozart] had three (3) prior D Felony convictions that we were all very well aware of, but there was never a discussion between me and the State about minimum mandatories. In fact, the discussions we had on the morning of trial would be that Judge Cody would be given the freest sort of hand in sentencing [Cozart], that he would be able, the minimum sentence was twenty (20) years, the max was fifty (50) but that on his power to

3

suspend, that he would be able to suspend all of it or none of it.

Tr. at 36.

* * *

Q. [Motion Counsel]:  It was [Cozart's] understanding that []
he could get a suspended sentence out of the Judge if the
Judge so saw fit[?]

A. [Trial Counsel]:  [Cozart] is very hard-headed.  You have
to tell him things a hundred times.  And I did.  A hundred
times.  Not a hundred times.  Five (5), six (6), seven (7),
eight (8), ten (10), a dozen times.  Exactly that.  That he
could get up to, from no time in jail up to fifty (50) years in
jail.

Tr. at 38.

* * *

Q. [Court]:  So [Cozart] believed that I had the ability to
suspend all of his sentence?

A. [Trial Counsel]: . . . I don't think he ever believed that you
would suspend all of his sentence, but it was for you, you
had the power to do that.  So that you could have taken
those twenty (20) years and suspended ten (10) and given
him ten (10) to serve.  And I remember telling him, again,
that one [] of the good things about the bargain that we had
made is that the minimum mandatories were not going to
come into play.  That you would have an unrestrained
power to suspend.

Tr. at 54-55.

* * *

Q. [Motion Counsel]:  Now, why did you take the plea
agreement that was filed with the Court?  The one that
called for a blind plea and an open sentencing.

A. [Cozart]:  Well, I was under the impression that, you know,
like [Trial Counsel] said, that my time of incarceration
would not exceed five (5) years and [Trial Counsel] also

4

had told me that, you know, he could possibly have me out in two (2) or three (3) years due to modifications and things in that sort.

Tr. at 60.

* * *

Q.  [Motion Counsel]:  So [Trial Counsel's] understanding and your's [sic] was then that there could be time suspended off that twenty (20) years?

A.  [Cozart]:  Well, yeah. I would have never signed it if I thought that, you know, that, you know, I was under the impression that, that, I mean, I was kind of under the impression, maybe I could have been wrong, but I was under the impression that not only it could have been, but it would have been.  You know.

Tr. at 61.  After listening to testimony and entertaining arguments of counsel, on May 2, 2005, the trial court denied Cozart's motion to correct error.

On June 16, 2005, Cozart through trial counsel filed a notice of appeal contesting the trial court's denial of his motion.   Because the notice was not timely, counsel tendered a motion to file a belated appeal.  After a hearing the trial court denied the motion.  Thereafter Cozart filed a petition for post-conviction relief alleging the following:

(a)  That the Defendant's plea of guilty was not made knowingly and voluntarily because he was unaware of the minimum and maximum penalties that could be imposed.

(b)  The Defendant received ineffective assistance of legal counsel, in that the Defendant's trial counsel:

1.  Failed to advise Defendant of the minimum possible penalties that could be imposed upon a plea of guilty by Defendant; and

2.  Failed to perfect the Defendant's appeal, by neglecting to timely file a notice of appeal in a timely manner.

5

(c)    The trial court refused to allow the Defendant to withdraw his plea of guilty prior to sentencing when it became apparent to the Defendant that he had been misled regarding the minimum possible sentence that could be imposed.

App. at 25.

Following a hearing, the post-conviction court granted the motion, vacated Cozart's conviction, and set aside the guilty plea reasoning, "In order to properly accept a plea of guilty from a criminal defendant, the court must advise the defendant of the minimum possible sentence which could be imposed upon him as a result of a plea of guilty, *including the fact that the court's discretion to suspend all or any portion of the sentence imposed is precluded if the conditions of I.C. 35-50-2-2(a) and (b) apply*." App. at 34-35 (emphasis added). On appeal, a divided panel of the Court of Appeals affirmed the post-conviction court's judgment. State v. Cozart, 878 N.E.2d 395 (Ind. Ct. App. 2007). Having previously granted transfer, we now reverse the judgment of the post-conviction court and remand this cause for further proceedings.

**Standard of Review**

Indiana Trial Rule 52(A) governs review of a judgment granting post-conviction relief. State v. Moore, 678 N.E.2d 1258, 1261 (Ind. 1997). As to factual determinations, "we reverse only upon a showing of clear error – that which leaves us with a definite determination and firm conviction that a mistake has been made." Id. (citation omitted). "Clear error" review requires appellate courts to assess whether "there is *any* way the trial court could have reached its decision." Id. (emphasis in original). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citation omitted).

6

**Discussion**

**I.**

The record is clear that the trial court did not advise Cozart that his sentence could not be suspended below the statutory minimum. The post-conviction court concluded that as a result of this failing Cozart's plea of guilty was not entered knowingly, intelligently and voluntarily.[2] As discussed in more detail below we acknowledge the possibility that Cozart's plea may have been involuntary, but not for the reason advanced by the post-conviction court.

Indiana Code § 35-35-1-2 (2004) requires a court accepting a guilty plea to determine that the defendant: (1) understands the nature of the charges; (2) has been informed that a guilty plea effectively waives several constitutional rights including trial by jury, confrontation of witnesses, compulsory process, and proof of guilt beyond a reasonable doubt without self-incrimination; and (3) has been informed of the maximum and minimum sentences for the crime charged. The statute also provides, "Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty." I.C. § 35-35-1-2(c).

Although the transcript of the change of plea hearing is not in the record before us, the parties do not dispute that the trial court advised Cozart of those rights dictated by statute. Nothing more needed to be done unless the Indiana or United States Constitution required additional advisements. And Cozart makes no such claim. In sum, although the trial court would not have erred in advising Cozart of its sentencing limitations, see, e.g., Cole v. State, 485 N.E.2d 128 (Ind. 1985) (approving colloquy advising defendant among other things that he could not receive a suspended sentence and that a new conviction could affect his parole status), the trial court was not statutorily required to do so. In finding otherwise, the post-conviction court clearly erred and thus its judgment must be reversed.

---

[2] We observe that the trial judge and the post-conviction judge are the same person.

## II.

Consistent with Indiana Code § 35-35-1-2, this Court has held that where a defendant complains that a statutory advisement not required by the Indiana or United States Constitution is not given, the defendant must plead specific facts that would enable the fact-finder to conclude based on a preponderance of the evidence that the plea, as a result, was involuntary. White v. State, 497 N.E.2d 893, 905 (Ind. 1986). Generally speaking, if a trial court undertakes the steps dictated by statute, a post-conviction petitioner will have a difficult time overturning his guilty plea on collateral attack. Moore, 678 N.E.2d at 1265. However, "[d]efendants who can prove that they were actually misled by the judge, the prosecutor, or defense counsel about the choices before them will present colorable claims for relief." White, 497 N.E.2d at 905-06.

In this case, trial counsel apparently advised Cozart on more than one occasion that the trial court had the discretion to suspend all or part of Cozart's sentence. And this was so, according to counsel, because the plea agreement called for "open sentencing." App. at 20.

A plea agreement that includes a condition of "open sentencing" is not particularly unusual. We note that although terms and wording of written plea agreements vary considerably throughout this state, this Court has observed, "A plea agreement where the issue of sentencing is left to the trial court's discretion is often referred to as an 'open plea.'" Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004) (citing Green v. State, 811 N.E.2d 874, 876 (Ind. Ct. App. 2004); Benson v. State, 780 N.E.2d 413, 420 (Ind. Ct. App. 2002); Huddleston v. State, 764 N.E.2d 655, 657 (Ind. Ct. App. 2002)). Whether characterized as "open sentencing" or "open plea" the underlying premise is the same, namely: the agreement leaves the sentencing decision to the discretion of the trial court. But it should be too plain for citation to authority that a trial court has absolutely no discretion to disregard the law. Indeed a trial court abuses its discretion in doing so. Axsom v. Axsom, 565 N.E.2d 1097, 1099 (Ind. Ct. App. 1991) ("An abuse of discretion may also be found when the trial court misinterprets the law or disregards factors listed in the controlling statute.") (citation omitted). In this case because Cozart pleaded guilty to a Class A felony and because he had accumulated at least one prior unrelated felony conviction, the trial court was prohibited by statute from suspending Cozart's sentence below the minimum

8

mandatory sentence of twenty years. See I.C. § 35-50-2-2. By representing to his client that under the sentencing discretion authorized by the plea agreement Cozart "could get up to from no time in jail up to fifty (50) years in jail," Tr. at 38, counsel was clearly wrong. And in his petition for post-conviction relief Cozart alleges "he had been misled regarding the court's sentencing options." App. at 25. We are of the view that Cozart presents at least a "colorable claim" that he is entitled to relief. White, 497 N.E.2d at 905-06. But simply presenting such a claim is not enough in this instance to sustain on appellate review the post-conviction court's reversal of Cozart's conviction.

In his petition for post-conviction relief Cozart sought to vacate his conviction and set aside his guilty plea on three grounds: (1) the plea was involuntarily entered because Cozart was not advised of the minimum and maximum sentences that could be imposed, (2) Cozart received ineffective assistance of counsel because his lawyer did not advise him of the minimum possible sentence that could be imposed, and his lawyer did not perfect an appeal of the trial court's denial of his motion to correct errors, and (3) the trial court erred in failing to allow Cozart to withdraw his guilty plea. The post-conviction court appears to have granted relief on the first ground asserted. As discussed above the court erred in that regard. The court did not address the remaining grounds.

Cozart very well may be entitled to relief under one or more of the alternative theories presented in his post-conviction petition. Having made this observation we hasten to add that we express no opinion on this point one way or the other. In White, the Court noted that in assessing the voluntariness of a plea, an appellate court will review all the evidence presented to the post-conviction court, including testimony given at the post-conviction hearing, the transcript of the petitioner's original sentencing hearing, and any plea agreements or other exhibits which are a part of the record. Id. at 905. In this case however we make two points. First, neither the post-conviction record, the sentencing record, nor the change of plea hearing record has been presented to this Court for review. As relevant for our purposes here, we have only the transcript of the hearing on the motion to correct errors, the post-conviction court's findings and conclusions, and the written plea agreement. Consequently the record before us is insufficient to determine whether Cozart's colorable claim for relief has ripened into an actual entitlement to

9

relief. Second, and perhaps more importantly, although we are not bound by the legal conclusions reached by the post-conviction court, we do defer to its findings of fact. In this case limiting its findings to the adequacy of the trial court's advisements, the post-conviction court did not address and thus made no findings on Cozart's claims of ineffective assistance of counsel,[3] or Cozart's claim of trial court error in denying his motion to withdraw his guilty plea. Both claims require resolution of possibly competing factual inferences, which appellate courts are in no position to resolve. Therefore this case must be remanded to the post-conviction court for an entry of findings of fact and conclusions of law addressing the remaining claims Cozart set forth in his petition for post-conviction relief.

**Conclusion**

The judgment of the post-conviction court is reversed. This cause is remanded for further proceedings.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.

---

[3] See, e.g., Segura v. State, 749 N.E.2d 496, 504-05 (Ind. 2001) ("Whether viewed as ineffective assistance of counsel or an involuntary plea, the postconviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and postconviction relief may be granted if the plea can be shown to have been influenced by counsel's error.").