## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 19 2017, 6:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James M. Tabor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 19, 2017

Court of Appeals Case No.
84A01-1703-CR-525

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1403-FC-789

**Bailey, Judge.**

# Case Summary

[1] James M. Tabor ("Tabor") pled guilty to Operating a Vehicle after a Lifetime Forfeiture, as a Class C felony,[1] and Possession of Marijuana, as a Class A misdemeanor.[2] The trial court sentenced him to six years imprisonment, with two years to be served in community corrections and four years suspended to probation. Tabor subsequently violated the conditions of his probation. Tabor admitted the violations, and the trial court ordered the remainder of his prison term be executed. Tabor now appeals, raising for our review the sole issue of whether the trial court abused its discretion when it ordered the remainder of his prison term be served as executed time.

[2] We affirm.

# Facts and Procedural History

[3] On July 8, 2014, Tabor entered into a plea agreement with the State, confessing guilt as to Operating a Vehicle after a Lifetime Forfeiture and Possession of Marijuana. The trial court entered judgment against Tabor on July 23, 2014, and sentenced him to an aggregate term of incarceration of six years: six years of incarceration as to Operating a Vehicle after a Lifetime Forfeiture, and one

---

[1] Ind. Code § 9-30-10-17. Tabor's offenses were committed prior to the effective date of a comprehensive revision of Indiana's criminal statutes. We refer through the statutes applicable at the time of Tabor's offense.

[2] I.C. § 35-48-4-11(1).

year of imprisonment as to Possession of Marijuana, with the terms to run concurrent with one another. The trial court ordered two years of the sentence executed on in-home detention with community corrections, and suspended the remaining years of Tabor's sentence to probation.

[4] On January 10, 2017, the State filed a petition to revoke Tabor's direct placement in home detention and/or to revoke his probation. On February 7, 2017, a probation revocation hearing was conducted. Tabor admitted to several violations of the terms of his probation, and the trial court heard argument as to whether to revoke Tabor's probation. At the hearing's conclusion, the court revoked the entirety of Tabor's suspended sentence, and ordered him to serve the remainder of his six-year sentence as executed time in the Department of Correction.

[5] This appeal ensued.

# Discussion and Decision

[6] Tabor challenges the trial court's order requiring him to serve the remainder of his sentence as executed time in the Department of Correction.

[7] Probation revocation is a two-step process. First, the court must determine whether the terms of probation have been violated; second, the court must determine appropriate sanctions for the violation. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). The Indiana Supreme Court has set forth the standard

under which we review decisions revoking probation and imposing sanctions for the violation of probation terms:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. *Id.* In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, *id.,* or when the trial court misinterprets the law, *see State v. Cozart,* 897 N.E.2d 478, 483 (Ind. 2008) (citing *Axsom v. Axsom,* 565 N.E.2d 1097, 1099 (Ind. Ct. App. 1991) ("An abuse of discretion may also be found when the trial court misinterprets the law or disregards factors listed in the controlling statute.")).

*Id.*

[8] Here, the trial court revoked Tabor's probation and ordered him to serve the remainder of his six-year term of imprisonment as executed time. Tabor argues that this was an abuse of discretion given his prior history of substance abuse problems and his need for additional, intensive substance abuse treatment.

[9] A review of the record discloses that Tabor had been afforded several opportunities to obtain substance abuse treatment in the past, but did not complete any treatment program. He has a series of criminal convictions involving substance abuse, often in combination with traffic violations. Tabor and the trial court both acknowledged his need for substance abuse treatment.

Yet in light of Tabor's multiple violations of the terms of his probation, including failure to call in for drug screens, failure to appear for drug screens, and possession of a device to adulterate a drug screen, we cannot conclude that the trial court's decision to remand Tabor to the Department of Correction, with a recommendation for placement in a therapeutic program, was an abuse of the trial court's discretion.

[10] Affirmed.

Vaidik, C.J., and Robb, J., concur.