## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

09/06/2017, 11:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Devon M. Sharpe
Jenner, Pattison, Sutter & Wynn, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian K. Ellison,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 6, 2017

Court of Appeals Case No.
69A04-1705-CR-986

Appeal from the Ripley Superior
Court

The Honorable Gary L. Smith,
Special Judge

Trial Court Cause No.
69D01-1401-FD-11

**Najam, Judge.**

# Statement of the Case

Brian K. Ellison appeals the trial court's revocation of his probation. Ellison raises a single issue for our review, which we restate as whether the trial court erred when it rejected Ellison's plea agreement but then accepted Ellison's ensuing admissions in open court to the State's allegations.

We affirm.

# Facts and Procedural History

On November 19, 2014, Ellison pleaded guilty to theft, as a Class D felony. The trial court accepted Ellison's guilty plea and sentenced him to three years, all of which the court suspended to probation. The conditions of Ellison's probation included prohibitions against the commission of additional crimes and the use of alcohol. On August 1, 2016, the State filed a notice of probation violation against Ellison. According to the State, while on probation Ellison had committed the new offense of operating a motor vehicle while intoxicated.

The trial court held a hearing on the State's notice on April 7, 2017. At that hearing, the parties tendered a proposed plea agreement to the trial court in which Ellison would have admitted to the probation violation and, in exchange, the court would have ordered Ellison to serve 730 days on home detention.[1] But the court informed Ellison's counsel that it was "reluctant to accept [the]

---

[1] Ellison has not included a copy of the agreement in his Appellant's Appendix. *See* Ind. Appellate Rule 50.

agreement" in light of Ellison's prior felony conviction and other notices of probation violations that had been filed against Ellison. Tr. at 2. Ellison's counsel informed Ellison of the trial court's position, and Ellison informed the court that he "want[ed] to proceed even under those circumstances." *Id.* at 3.

[5] The trial court then placed Ellison under oath and informed him of his rights and the consequences of waiving those rights, and Ellison informed the court that he understood its advisements. In particular, the court stated:

> Ok. I want to make something very clear to you Mr. Ellison and I told this to the attorneys, but I want to make sure that you are aware of this as well. Any, *in this particular situation, any admission or agreement on a revocation is much like an open plea to the court and it would be a recommendation only*, so as I explained to the attorneys and it is my understanding that you are aware of this, but I want to make it clear on the record. If you choose to proceed today, that is fine, you have that option. The attorneys will tell me what their recommendation is, what they have agreed to recommend to the court for disposition or the sentence on this particular revocation. *That is not a binding recommendation to the [c]ourt. It is purely left to the [c]ourt's discretion, so the [c]ourt could do anything within the realm of possible sentences here.* One of those is the [c]ourt could allow you to admit and the [c]ourt could accept the recommendation as the attorneys have made specifically and sentence you exactly as they have agreed and how you have agreed. The [c]ourt could say I believe this sentence i[s] inappropriate and sentence you to a more lenient sentence if I believed that was appropriate and the [c]ourt could, if I believed it was more appropriate based upon the circumstances, sentence you to a more harsh sentence as well. *So I want you to understand before we proceed that is a recommendation and a recommendation only and it is not binding on the [c]ourt.* So do you understand that?

*Id.* at 4-5 (emphases added). Ellison responded, "Yes sir" to the court's question. *Id.* at 5.

[6] Ellison admitted that he had operated a vehicle while intoxicated as alleged in the State's notice of probation violation. The court then revoked Ellison's probation and ordered him to serve the balance of his previously suspended sentence. This appeal ensued.

# Discussion and Decision

[7] On appeal, Ellison asserts that the trial court erred when it revoked his probation and ordered him to serve the balance of his previously suspended sentence. As the Indiana Supreme Court has explained:

> "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. *Id.* In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, *id.*, or when the trial court misinterprets the law, *see State v. Cozart*, 897 N.E.2d 478, 483 (Ind. 2008) (citing *Axsom v. Axsom*, 565 N.E.2d 1097, 1099 (Ind. Ct. App. 1991) ("An abuse of discretion may also be found when the trial court misinterprets the law or disregards factors listed in the controlling statute.")).

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Woods v. State*, 892 N.E.2d 637,

> 640 (Ind. 2008). Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Id.*

*Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

[8] According to Ellison, the trial court "should have either accepted or rejected the parties' agreement and been bound by its terms. Instead, the Trial Court violated Ellison's due process [rights] by accepting his admission and sentencing [him] wildly in excess of the agreement." Appellant's Br. at 11. Ellison continues: "the Trial Court did not accept or deny *the sentencing recommendation* in the parties' joint motion . . . . Instead, the Trial Court *accepted the agreement* and Ellison's admission without also accepting the sentence recommendation." *Id.* at 11-12 (emphases added). We reject Ellison's erroneous assessment that the trial court accepted, and was therefore bound by, the proposed plea agreement. The record unambiguously shows that the trial court declined to accept Ellison's plea agreement. The record is equally clear that Ellison was aware of that fact and was advised of his rights before he personally agreed to proceed despite the court's rejection of the proposed plea agreement.

[9] Insofar as Ellison argues in the alternative that the court was required to hold a fact-finding hearing after it rejected the proposed plea agreement, we cannot agree. After being advised of his rights, Ellison admitted to the alleged violations in open court, which rendered a fact-finding hearing unnecessary. *See* Ind. Code § 35-38-2-3(e) (2017). And Ellison does not suggest on appeal

that his admissions were not made knowingly, voluntarily, or intelligently. Accordingly, Ellison's arguments on appeal are without merit, and we affirm the trial court's judgment.

[10] Affirmed.

Kirsch, J., and Brown, J., concur.