## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 04 2017, 6:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dylan A. Vigh
Law Offices of Dylan A. Vigh, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon Shryock, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 4, 2017 <br><br> Court of Appeals Case No. <br> 48A04-1706-CR-1177 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable David A. Happe, Judge <br><br> Trial Court Cause Nos. <br> 48C04-1503-F5-459 <br> 48C04-1507-F5-1056 |

**Bailey, Judge.**

# Case Summary

[1] Brandon Shryock ("Shryock") pled guilty to Criminal Stalking, as a Level 5 felony,[1] Invasion of Privacy, as a Class A misdemeanor,[2] Criminal Mischief, as a Class A misdemeanor,[3] and two counts of Domestic Battery, as Class A misdemeanors.[4] His aggregate sentence included a term of incarceration and a term of home detention; also, a portion of his sentence was suspended to supervised probation. Shryock was ordered not to have contact, direct or indirect, with his victim. He subsequently violated the no-contact order and admitted his violation. As a probation violation sanction, Shryock's home detention placement was revoked, a portion of his previously-suspended sentence was reinstated, and he was ordered to serve 1,460 days of imprisonment. On appeal, he presents the sole issue of whether the trial court abused its discretion in imposing the sanction. We affirm.

# Facts and Procedural History

[2] M.J. is the mother of Shryock's three children. On January 25, 2016, Shryock pled guilty to six charges, in two separate cause numbers, stemming from his criminal conduct against M.J. In Case 1056, Shryock received an aggregate

---

[1] Ind. Code § 35-45-10-5.

[2] I.C. § 35-46-1-15.1

[3] I.C. § 35-43-1-2.

[4] I.C. § 35-42-2-1.3.

sentence of ten years, with three years to be executed in the Department of Correction ("the DOC"), to be followed by six months in home detention. The remainder of the sentence was suspended, with six years of supervised probation. In Case 459, Shryock was sentenced to thirty months in the DOC, all suspended to direct placement in the Madison County Community Corrections home detention program. The sentences were to be served consecutively. In each case, the trial court issued a no-contact order prohibiting Shryock from having direct or indirect contact with M.J.

[3] While he was incarcerated in the DOC, Shryock drafted and mailed a letter addressed to his eldest child. The letter included communication intended to reach M.J. Shryock requested that the child ask his mother to allow Shryock to see his children. Shryock also offered predictions that he and M.J. would be in court all the time, he would get joint custody of their children, M.J. would hopefully go to jail or prison, and Shryock would not be bringing the children to see her. On March 14, 2017, Shryock was charged with Invasion of Privacy.

[4] On April 4, 2017, the State filed a petition in Case 1056 to revoke Shryock's home detention placement and probation. On April 25, 2017, the State filed a revocation petition in Case 459.

[5] On May 8, 2017, Shryock appeared at a hearing and submitted a plea agreement to resolve the new charge and the pending revocation petitions. Shryock pled guilty to the new charge of Invasion of Privacy and his executed prison time was capped at one year. He admitted the alleged violations with

respect to Case 459 and Case 1056, with the sanction to be imposed left open for argument.

[6] Shryock received a sentence for his new offense of thirty months, with eighteen months suspended to probation. In Case 459, Shryock's home detention placement was revoked and he was ordered to serve the remainder of his 456 days in the DOC. In Case 1056, Shryock's community corrections placement was revoked and his suspended sentence was partially revoked. He was ordered to serve 1,004 previously-suspended days in the DOC with 1,551 days remaining after completion of the executed sentence to be served on probation. As such, Shryock was ordered to serve four years (1,460 days) in the DOC as a sanction for his violations in Case 459 and 1056. He now appeals.

# Discussion and Decision

[7] If a trial court determines that a probationer has violated the terms of his probation, the trial court may continue the defendant on probation, change the terms of the probation, or order all or part of the previously suspended sentence to be executed. I.C. § 35-38-2-3. Similarly, if a defendant placed on community corrections violates the terms of his placement, the trial court may change the terms of the placement, continue the placement, reassign the person, or commit the person to the DOC for the remainder of the sentence. I.C. § 35-38-2.6-5. For purposes of appellate review, a petition to revoke placement in community corrections is treated the same as a petition to revoke probation. *Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016).

[8]     Probation revocation is a two-step process.  First, the court must determine whether the terms of probation have been violated; second, the court must determine appropriate sanctions for the violation.  *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).  The Indiana Supreme Court has set forth the standard under which we review decisions revoking probation and imposing sanctions for the violation of probation terms:

> "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."  *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).  It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated.  *Id.*  In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion.  *Id.*  An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, *id.*, or when the trial court misinterprets the law, *see State v. Cozart*, 897 N.E.2d 478, 483 (Ind. 2008) (citing *Axsom v. Axsom*, 565 N.E.2d 1097, 1099 (Ind. Ct. App. 1991) ("An abuse of discretion may also be found when the trial court misinterprets the law or disregards factors listed in the controlling statute.")).

*Id.*

[9]     Shryock does not contest the determination that he violated the terms of his probation and community corrections placement.  He argues only that the sanction amounts to an abuse of the trial court's discretion.  More specifically, Shryock contends that the sanction was unduly harsh because the letter content was relatively benign, he did not draft it with malicious intent or blatant disregard of the law, and the State did not present evidence of M.J.'s reaction.

A review of the record discloses that Shryock has a substantial history of crimes against M.J. Despite leniency in the past, he has been undeterred in his criminal conduct involving the same victim. In the latest offense of Invasion of Privacy, he attempted to use his minor child as an instrumentality for his purposes. Shryock's arguments as to benign intent and minimal consequences simply present a request for reweighing the evidence. We conclude that the order that Shryock serve a portion of his previously suspended sentence in the DOC is not clearly against the logic and effect of the facts and circumstances before the trial court.

# Conclusion

Shryock has not established that the trial court abused its discretion in its order for sanctions.

Affirmed.

Kirsch, J., and May, J., concur.