## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 23 2020, 8:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Walker,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 23, 2020<br><br>Court of Appeals Case No.<br>20A-CR-803<br><br>Appeal from the Jackson Circuit Court<br><br>The Honorable Richard W. Poynter, Judge<br><br>Trial Court Cause No.<br>36C01-1704-F5-38 |

**Tavitas, Judge.**

# Case Summary

Justin Walker appeals the sentence imposed following the revocation of his probation. We affirm.

# Issue

The sole issue is whether the trial court abused its discretion in imposing Walker's previously-suspended one-year sentence.

# Facts

On April 10, 2017, the State charged Walker with Count I, domestic battery, a Level 5 felony, and Count II, intimidation, a Level 6 felony.[1] Under the terms of a negotiated agreement wherein Count II was dismissed, Walker pleaded guilty to Count I on December 20, 2017.

On January 19, 2018, the trial court accepted the plea agreement and entered its sentencing order.[2] Walker agreed to the following sentence as part of the plea

---

[1] The charges stemmed from an incident in which Walker and the mother of at least one of his children engaged in a dispute. According to the police report, the dispute escalated, and Walker struck the mother in the face in front of several witnesses.

[2] The terms of the resulting sentence were apparently stated incorrectly in the trial court's January 19, 2018 written order. The order reads, "The Defendant shall be imprisoned for three (3) years in the appropriate penal facility with (1) year being suspended. The balance of the executed sentence shall be served by the Defendant being placed on home detention as a direct placement to be supervised by the Jackson/Jennings Community Corrections Department . . . ." Appellant's App. Vol. II p. 76. Though that sentence does not appear to include any period of probation, the trial court at the probation revocation hearing in the instant case asserted: "So, what I'm going to do is I'm going to order the one (1) year—I will note for the record there is a mistake in the Court's Sentencing Order. It's hard for me to admit that, but—when the Court sentenced the Defendant, in the original Sentencing Order, I put three (3) years and one (1) year suspended. I forgot to [include] the one (1) year probation but it's clearly in the Order that he was going to be on probation, that was a typographical error by the Court." Tr. Vol. II p. 13.

agreement: three years of incarceration with one year suspended; 377.33 days of credit for time served and good behavior, with the remainder to be served on home detention; and one year of formal probation. Walker successfully completed home detention on October 9, 2018, and began probation.

On June 13, 2019, however, the State filed a petition to revoke probation which it later amended, alleging:

> 1) The defendant tested positive for amphetamine and methamphetamine on a drug screen administered by probation on May 13, 2019 and May 31, 2019, a direct violation of Condition #7 of his Order of Probation.
>
> 2) The defendant tested positive for amphetamine and methamphetamine on a drug screen administered by probation on September 9, 2019, September 10, 2019, and September 16, 2019, a direct violation of Condition #7 in his Order of Probation.

Appellant's App. Vol. II p. 100.

Walker failed to appear for the probation revocation hearing, and on September 26, 2019, the trial court issued a warrant for his arrest. On January 23, 2019, the State again amended its petition to revoke probation, alleging:

> 1) The defendant committed another criminal offense that being: Possession of Methamphetamine on or about 12/26/2019. Charges have been filed in Jackson Circuit Court under cause #36C01-1912-F6-508, a direct violation of Condition #2 in his Order of Probation.

*Id*. at 113.

[7] After reaching a plea agreement with the State for the December 2019 possession charge, Walker testified at the probation revocation hearing on March 2, 2020. Walker admitted each of the State's allegations, and the trial court found that Walker violated the terms of his probation. The trial court then heard evidence regarding sanctions. Walker requested a home detention placement, and explained that his relapse into drug use was brought on by news that his two daughters—who were taken to live in Texas by their mother—were being sexually assaulted.[3] Walker's probation officer testified that, shortly after Walker's relapse, Walker was admitted to a rehabilitation program. Tr. Vol. II p. 11. Walker, however, left the program and, shortly thereafter, "went on the run, and [the Probation Department] did not see him again until he was picked up in December." *Id*. at 12. Both the probation officer and the State recommended that Walker be placed on home detention.

[8] The trial court, however, declined those recommendations. Citing Walker's drug use and abscondment from the probation supervision of the trial court for several months, the trial court ordered Walker's previously-suspended one-year sentence to be executed at the Department of Correction ("DOC"). Walker now appeals.

---

[3] Walker's counsel failed to effectively elicit this testimony at the hearing, though it is cited repeatedly in Walker's appellate brief as the trigger for Walker's relapse. Walker did, however, testify that he sent a letter to the judge, and that letter does include the claim regarding his daughters. Appellant's App. Vol. II p. 111.

# Analysis

[9] Walker argues that the trial court abused its discretion when it ordered Walker's previously-suspended sentence to be served at the DOC. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). "It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated." *Id*. "In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion." *Id*. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances," *id*., "or when the trial court misinterprets the law." *Id*. (citing *State v. Cozart*, 897 N.E.2d 478, 483 (Ind. 2008)). "We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses." *Holmes v. State*, 923 N.E.2d 479, 483 (Ind. Ct. App. 2010) (quoting *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009)).

[10] "Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Heaton*, 984 N.E.2d at 616 (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). "Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id*. If the trial court "finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the

court may: . . . order execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3).

[11] Walker does not contest that he violated the terms of his probation. Indeed, he openly admits it. Rather, he challenges the second step of the revocation process, correctly pointing out that the trial court's sentencing discretion is not limitless and arguing that an abuse of discretion occurred here. Walker points to *Johnson v. State*, 62 N.E.3d 1224, 1231 (Ind. Ct. App. 2016), as an example of cases in which we have reversed probation revocation sentences as being "unduly harsh sentences for minor probation violations." Appellant's Br. p. 11. *Johnson* is easily distinguishable.

[12] The violations underpinning the probation revocation in *Johnson* were minor and included leaving house arrest for an authorized trip at a time slightly different from that which was authorized, failing to timely pay fees, and sitting on a bench outside his apartment complex during house arrest. *Johnson*, 62 N.E.3d at 1227-28. There was also substantial evidence that Johnson was mentally impaired and did not fully comprehend the import of his decisions. *Id*. Walker's violations, on the other hand, appear to be admittedly voluntary, fully understood, and acknowledged as wrong. We are unmoved by the notion that his repeated use of methamphetamine is somehow minor simply because the trigger for his relapse, if true, is sympathetic. Moreover, Walker failed to appear for his probation revocation hearing and was beyond the grasp of both the trial court and the probation department for a period of several months until

he was apprehended while in possession of methamphetamine. We do not consider the probation violations to be minor.

[13] In reaching its conclusion, the trial court relied on the fact that Walker absconded from court supervision for a period of approximately three months, as well as the fact that Walker tested positive for amphetamines and methamphetamines on six different occasions. Additionally, Walker pleaded guilty to a new crime, which was committed during probation. Walker argues that he admitted his violations, had been successful in his probation until his relapse, was gainfully employed, and had a newborn son. Appellant's Br. p. 9. We find Walker's arguments unpersuasive, as they are essentially a request to reweigh the evidence. Notwithstanding the impact of his violations on his familial and professional responsibilities, Walker's probation violations are severe enough to warrant the imposition of his previously-suspended sentence. Accordingly, we find that the trial court's decision is not against the logic and effect of the facts and circumstances. We, therefore, cannot say that the trial court abused its discretion when it imposed Walker's previously-suspended one-year sentence as a result of Walker's probation violations.

## Conclusion

[14] The trial court did not abuse its discretion by ordering Walker to serve his previously-suspended sentence due to his probation violations. We affirm.

[15] Affirmed.

Kirsch, J., and Pyle, J., concur.