## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2020, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Spenser G. Benge
The Law Office of Spenser G. Benge
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keonie T. Martin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 26, 2020

Court of Appeals Case No.
20A-CR-155

Appeal from the Madison Circuit
Court

The Honorable Andrew R.
Hopper, Judge

Trial Court Cause No.
48C03-1806-F4-1487

**Najam, Judge.**

# Statement of the Case

Keonie T. Martin appeals the trial court's revocation of his probation and order that he serve three years of his previously suspended ten-year sentence in the Department of Correction ("DOC") followed by two years on in-home detention. Martin raises the following two issues for our review:

1.   Whether the State presented sufficient evidence to support the revocation of his probation.

2.   Whether the trial court abused its discretion when it ordered Martin to serve three years of his previously suspended sentence in the DOC and two years on in-home detention.

We affirm.

# Facts and Procedural History

In July of 2019, the trial court ordered Martin to serve ten years suspended to probation for dealing in cocaine, as a Level 4 felony, and possession of marijuana, as a Class A misdemeanor. In September, the State filed a notice of probation violation on the ground that Martin had committed invasion of privacy, as a Class A misdemeanor. The court held a hearing on the State's notice in December.

[4]     At that hearing, A.S. testified that Martin is the father of her child and that, on August 5, 2019, she had obtained an ex parte protective order against Martin[1] on the basis that she was a victim of domestic violence and identified in her petition three different incidents in which Martin had "attempted to cause [her] physical harm," "threatened to cause [her] physical harm," and "placed [her] in fear of him causing [her] physical harm." Tr. at 35. At the time of A.S.'s petition, Martin alternated where he lived—he occasionally stayed at A.S.'s residence on West 17th Street in Anderson, and he also occasionally stayed at his mother's residence on Louise Street. A.S. reported Martin's address on the petition for the protective order as the Louise Street address, which was the same address Martin had given as his address to the probation department and to the trial court when he was placed on probation. Upon the issuance of the protective order, the Madison County Sheriff's Department "[p]erfected" service of the order on Martin in person at the Louise Street address. Ex. Vol. at 4.[2]

[5]     At the hearing on the notice of the probation violation, A.S. testified that, on August 23, during a doctor's appointment for her pregnancy with Martin's child, her doctor advised her that the baby's heart rate required an emergency admission. She drove herself to a nearby hospital and informed Martin, who then also went to the hospital. There, Martin and A.S. got into heated

---

[1] The issuing court dismissed the protective order on August 30, 2019.

[2] Our reference to the pages of the Exhibits Volume is to the .pdf pagination.

exchanges, and A.S. called hospital security to have him removed from her room. When hospital security arrived, they could hear A.S. and Martin yelling from the hallway, and upon entering the room they observed food and milk "throughout the room floor." Tr. at 13. The security officers asked Martin to leave "seven or eight times" before he complied. *Id.* The security officers then escorted Martin out of the building. As they were exiting, Martin "threw a set of keys" at the security officers, which they returned to A.S. *Id.*

[6] Following the hearing, the trial court found by a preponderance of the evidence that Martin had committed the new offense of invasion of privacy, as a Class A misdemeanor, for violating the protective order. The court then ordered Martin to serve three years of his previously suspended sentence in the DOC, to be followed by two years on in-home detention. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

[7] Martin appeals the trial court's revocation of his probation. As our Supreme Court has explained:

> "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. *Id.* In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, *id.*, or when the trial court misinterprets

the law, *see State v. Cozart*, 897 N.E.2d 478, 483 (Ind. 2008) (citing *Axsom v. Axsom*, 565 N.E.2d 1097, 1099 (Ind. Ct. App. 1991) ("An abuse of discretion may also be found when the trial court misinterprets the law or disregards factors listed in the controlling statute.")).

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Id.*

*Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). Here, Martin appeals both steps of the revocation process, which we address in turn.

### Issue One: Revocation of Probation

Martin first asserts that the State failed to present sufficient evidence to support the revocation of his probation. Specifically, Martin argues that the State did not present sufficient evidence to show that he knew of the protective order. But Martin's argument disregards our standard of review and the evidence most favorable to the trial court's judgment. That evidence shows that Martin was served in person with the protective order, and he was served at the address that he had provided to the probation department and to the court when he was placed on probation. Martin's argument to the contrary on appeal simply seeks to have this Court disregard that evidence and instead consider only evidence Martin finds favorable, which we will not do. The State presented sufficient evidence to support the allegation that Martin had committed invasion of

privacy based on his violation of the protective order, and therefore the trial court did not abuse its discretion when it revoked Martin's probation.

### *Issue Two: Sanction*

[9] Martin also asserts that the trial court abused its discretion when it ordered him to serve three years in the DOC followed by two years on in-home detention for his violation of the terms of his probation. But Martin's argument on this issue again is nothing more than a request for this Court to reweigh the evidence, which we cannot do. Moreover, the trial court's decision was within its discretion. The court placed Martin on probation for Level 4 felony dealing in cocaine on July 31, 2019; A.S. filed her petition for the protective order on August 5; the Madison County Sheriff's Department served Martin with the order on August 6; and he violated it on August 23. And, in announcing the sanction here, the trial court lamented Martin's lack of responsibility and failure to take advantage of the favorable terms of his probationary sentence for his Level 4 felony offense. As we have noted, probation is a matter of grace. We cannot say the trial court abused its discretion when it ordered Martin to serve three years in the DOC followed by two years on in-home detention.

## Conclusion

[10] In sum, we affirm the trial court's revocation of Martin's probation and its order that he serve three years in the DOC followed by two years on in-home detention.

[11] Affirmed.

Bradford, C.J., and Mathias, J., concur.